# In the United States Court of Federal Claims

No. 23-1937

Filed: July 8, 2024

_____
)
SHAKIR ABDUSH-SHAKUR,            )
                                 )
          *Plaintiff*,            )
                                 )
  v.                             )
                                 )
THE UNITED STATES,               )
                                 )
          *Defendant*.           )
_____)

## ORDER

On October 30, 2023, Plaintiff Shakir Abdush-Shakur filed this action, titled as an "Emergency Complaint and Emergency Restraining Order." ECF No. 1. Plaintiff is currently incarcerated in a United States Penitentiary, and claims that he is being subjected to "cruel and unusual punishment, torture, and 'Ex-Post Facto Law' by correctional officers in violation of [his] Eighth and Fourteenth Amendments[.]" ECF No. 1 at 1. In all, Plaintiff seeks $900,000 in monetary relief for "mild starvation," along with $350,000 for "extreme mental and emotional pain" that he has experienced. *Id.* at 2.

At the time of filing his complaint, Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis* ("IFP"). On November 3, 2023, the Clerk's office sent Plaintiff a notice, ECF No. 4, reminding Plaintiff that he must pay the fee or submit a proper IFP application. In that notice, the Clerk's office warned Plaintiff that if he did not follow the notice's instructions, "the court may dismiss the complaint." ECF No. 4.[1]

The Government then filed a motion to dismiss, ECF No. 7, asking the Court to dismiss Plaintiff's complaint for lack of jurisdiction. Plaintiff did not originally receive the Government's motion, *see* ECF No. 8, so the Government re-mailed the motion, and the Court extended Plaintiff deadline for any response by 30 days. ECF No. 9. Due to additional service issues (documents returned to the court), the Court extended Plaintiff's deadline once again. ECF No. 12. That extended deadline has now passed with no response from Plaintiff. Accordingly, the Court dismisses Plaintiff's action for two reasons: first, because he has failed prosecute this action by not paying the filing fee or filing an IFP application or respond to the Government's motion; and second, for lack of jurisdiction.

---

[1] The notice was returned to the Court because of a clerical address error. The Clerk's office then re-mailed the notice to Plaintiff's correct address on December 5, 2023. ECF No. 6.

I.    **Plaintiff has failed to prosecute this action.**

"If the plaintiff fails to prosecute . . . the court may dismiss on its own motion[.]" RCFC 41(b); *see also Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) ("While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently[.]"); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted."). Here, despite being served with the Government's motion on January 18, 2024, Plaintiff has yet to respond in any way. Because Plaintiff has not filed anything since his complaint, the court does not expect that any response is forthcoming and, therefore, dismisses this action on its own motion under RCFC 41(b). In any event, as discussed in detail below, this court clearly lacks jurisdiction to hear Plaintiff's claims. Therefore, the court's dismissal under RCFC 41(b) shall not constitute an adjudication on the merits.

Additionally, because Plaintiff has not paid the filing fee or filed a proper IFP application, the court dismisses Plaintiff's case. *Bryant v. United States*, 618 F. App'x 683, 686 (Fed. Cir. 2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action, just as it did in this case."); *Brown v. United States*, 88 Fed. Cl. 795, 800 (2009).

II.    **Plaintiff's claims fall outside of this Court's jurisdiction.**

Even if Plaintiff had responded to the motion to dismiss and properly followed the court's instructions regarding the filing fee, this court must grant the Government's motion to dismiss because the court lacks subject matter jurisdiction over Plaintiff's claims. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    A.    **Legal Standard**

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

When deciding a Rule 12(b)(1) motion to dismiss, the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).  And it is well established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence."  *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted).  Complaints filed by *pro se* plaintiffs "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (citation omitted).  But "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

B.    Discussion

Plaintiff bases his claims on the Eighth and Fourteenth Amendments.  But this court clearly lacks jurisdiction over Plaintiff's claims under those provisions.  *Maxberry v. United States*, 722 F. App'x 997, 1000 (Fed. Cir. 2018) ("The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating."); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002).  Even though Plaintiff specifically outlines his Eighth Amendment claims, this court still lacks jurisdiction. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment[.]").  Nor does 42 U.S.C. § 1983 provide Plaintiff a "due process" claim because that statute "does not give rise to liability on the part of the United States."  *Hover v. United States*, 566 F. App'x 918, 920 (Fed. Cir. 2014) (citations omitted); *see also Dourandish v. United States*, 629 F. App'x 966, 971 (Fed. Cir. 2015); *Alexander v. United States*, 131 F. App'x 275, 277 (Fed. Cir. 2005).

Additionally, Plaintiff's mention of various criminal statutes—*e.g.*, embezzlement, money laundering, misappropriating government funds, etc.—does not invoke this court's jurisdiction either.  *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007) ("Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).  To the extent Plaintiff intends to raise Fifth Amendment due process claims, *see* ECF No. 1 at 1, this court lacks jurisdiction over those claims, too.  *Wheeler v. United States*, 11 F.3d 156, 159 (Fed. Cir. 1993) ("The Court of Federal Claims lacks jurisdiction to hear due process claims under the Fifth Amendment standing alone.").

Plaintiff also claims that he experiences discrimination because he is African American. But this court also lacks jurisdiction over race discrimination claims or related civil rights actions.  *Atlanta Appraisal Servs., Inc. v. United States*, 54 Fed. Cl. 51, 55 (2002); *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) ("As courts have repeatedly held, there is no Tucker Act jurisdiction in the Court of Federal Claims to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations.").  Indeed, Congress permits only the United States district courts to hear such claims.  *Taylor v. United States*, 310 F. App'x 390, 392 (Fed. Cir. 2009) ("Instead, district courts have original jurisdiction over a claim 'to recover damages or to secure equitable or other relief under any Act of Congress providing for the

protection of civil rights[.]'") (citing 28 U.S.C. § 1343(a)(4)).  And when Congress vests the exclusive jurisdiction over cases in the district courts, this Court lacks jurisdiction to hear such cases because "Congress may also specify, in a particular statute that mandates payment of money, that review is restricted to a court other than ours." *Kristian v. United States*, No. 19-1576C, 2020 WL 504793, at *1 (Fed. Cl. Jan. 31, 2020) (quoting *Fletcher v. United States*, No. 10-203C, 2010 WL 2640337, at *2 (Fed. Cl. June 30, 2010)).

Plaintiff's claims against the United States Attorney General, the Federal Bureau of Prisons, and the warden of the United States Penitentiary, McCreary are also ripe for dismissal because this court does not have jurisdiction over claims brought against parties other than the United States, including individuals—even if they are government employees.  Indeed, as the United States Supreme Court has reasoned, "upon a review of the statutes creating the court and defining its authority, [this court's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals[.]").

Finally, the court lacks jurisdiction to grant equitable relief unless the relief is "incidental to and collateral to a claim for money damages." *Bobula v. U.S. Dep't of Just.*, 970 F.2d 854, 859 (Fed. Cir. 1992).  Because this court lacks jurisdiction over Plaintiff's claims for money damages, there is no jurisdiction to hear Plaintiff's request for an emergency restraining order. *Id.*

## III.  Conclusion

For the foregoing reasons, the court **GRANTS** the Government's motion to dismiss, ECF No. 7, and **DISMISSES** Plaintiff's action.  The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
